## EX PARTE G. T. MARPLE.

No. 21529. Delivered February 12, 1941.

124

The opinion states the case.

*Joe Burkett,* of San Antonio, for appellant

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

From an order of the County Court at Law No. 2 of Bexar County, Texas, remanding appellant to the sheriff of said county after a hearing upon a writ of habeas corpus, appellant has appealed to this court.

It appears from the record that on the 1st day of November, 1940, a complaint was filed in the Justice Court of Precinct No. 7 of Bexar County charging appellant with operating a truck without first having obtained a chauffeur's license. Appellant was arrested and brought into the Justice Court room, where he protested his innocence and wanted the case postponed for ten days. The Justice of the Peace was absent. Mr. Garza, an Assistant District Attorney, who was present in the court room, advised appellant that according to his understanding of the law he (appellant) was guilty. Appellant then asked if he could get the case passed until Tuesday; that on Tuesday he could pay the fine; that he wanted the judge to try the case. Mr. Garza then told appellant that he could have a trial and pay a fine or have ten days after entering a plea of guilty by giving notice of appeal. Garza testified: "He authorized me to plead guilty for him." It appears that the Assistant

District Attorney made the following notation on the jacket of the case:

"No. 3972—G. T. Marple plead guilty on Nov. 22nd, 1940. Will pay $10.00 by order of Garza."

No formal plea of guilty seems to have been made for appellant by Garza and no entry seems to have been made by the Justice of the Peace upon his docket. .

The questions here presented by the record, as we understand it, are: First, did the defendant have a trial before the Justice of the Peace; and, second, did the Justice of the Peace assess any fine against him and enter any judgment showing the essentials of a final judgment as provided by Art. 917, C. C. P.?

Art. 917, supra, provides as follows:

"The judgment, in case of conviction in a criminal action before a justice of the peace, shall be that the State of Texas recover of the defendant the fine and costs, and that the defendant remain in custody of the sheriff until the fine and costs are paid; and that execution issue to collect the same."

We do not find in the record any evidence which shows that these statutory provisions had been substantially complied with. The Assistant District Attorney had no authority to assess and fix the amount of the fine against the appellant. That was a matter exclusively within the province of the justice or the jury, as the case may be. There was no judgment of any kind entered upon the docket of the Justice of the Peace. Consequently there was no final judgment showing the conviction of defendant for any offense, nor the fine that was assessed against him. Therefore, the judgment was not such as might be used as a plea in bar of a subsequent prosecution for the same offense. Hence the defendant was entitled to the relief sought under the writ of habeas corpus. In support of our conclusion, we refer to the case of Funderburk v. State, 64 S. W. 1059, in which this court said that while the statute does not appear to have been strictly complied with, yet the effect of the judgment rendered is a substantial compliance with the statute. In the presence instance, we do not even have any semblance of a compliance with the statute.

It might not be amiss here to state that prosecuting attorneys should not accept the duty of representing a defendant by agreeing to enter a plea of guilty for him and at the same

time represent the State. Such act is contrary to the policy of the law.

From what we have said, it follow that the judgment of the County Court at Law No. 2 of Bexar County, Texas, be, and the same is, hereby reversed and the relator ordered discharged without prejudice to the State to try him on the original complaint.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.